UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC, | No. 2:22-cv-2002 DB |
| Plaintiff, | ORDER |
| v. | |
| TOMMY BARKSDALE, et al., | |
| Defendants. | |

    This civil action has been directly assigned to the undersigned pursuant to the Local Rules, Appendix A(m). On November 9, 2023, plaintiff filed a request for extension of time to serve the defendant Port City Sports Bar and Grill, LLC, and for permission for alternative service of the defendant through the California Secretary of State as permitted by California law. (ECF No. 14.)

    Plaintiff's motion establishes that despite plaintiff's diligent attempts to serve the defendant service on defendant Port City Sports Bar and Grill, LLC, has been unsuccessful. (Id. at 5.) Plaintiff's motion is supported by affidavits of reasonable diligence from two different process servers who were unable to effect service on the defendant. (ECF No. 14-1 at 4-7.)

////

////

1

Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant must be dismissed if service of the summons and complaint is not accomplished on the defendant within 90 days after the complaint was filed.

> Rule 4(m) provides two avenues for relief.  The first is mandatory: the district court must extend time for service upon a showing of good cause.  The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect.

Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013) (quoting Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009)).  Here, plaintiff has shown good cause for an extension of time.

Rule 4 also provides that service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4 (e)(1).  "Alternative service is permissible where said service is 'reasonably calculated to give actual notice to the party to be served.'" Sendzul v. Hoag, Case No. CV 21-6894 RGK (KS), 2022 WL 2124903, at *2 (C.D. Cal. Apr. 14, 2022) (quoting Cal. Civ. Proc. Code § 413.30).  "The Supreme Court has long recognized that no one form of substitute service is favored over any other so long as the method chosen is reasonably calculated, under the circumstances of the particular case, to give the defendant actual notice of the pendency of the lawsuit and an opportunity to present his defense." International Controls Corp. v. Vesco, 593 F.2d 166, 176 (2nd Cir. 1979).

Here, plaintiff's motion is supported evidence establishing plaintiff's diligent attempts to serve the defendant via conventional means.  Under these circumstances, the undersigned will grant plaintiff's motion for alternative service.  See Rio Properties, Inc. v. Rio Intern. Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002) ("trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 9, 2023 motion for a 15-day extension of time to serve defendant and for alternative service (ECF No. 14) is granted;

////

     2.  Within 15 days of the date of this order plaintiff shall serve defendant through the California Secretary of State; and

     3.  Within fourteen days thereafter plaintiff shall file proof of service on the defendant

Dated:  November 20, 2023

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\g&g2002.alt.serv.ord