UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC, | No. 2:22-cv-2002-TLN-SCR |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| EVERETT HUNTER, et al., | |
| Defendants. | |

Plaintiff G&G Closed Circuit Events LLC's motion for a attorney fees (ECF No. 33) was referred to the undersigned pursuant to Local Rules 293 and 302(a). ECF No. 35. The Court hereby recommends that the motion be GRANTED IN PART and Plaintiff be awarded $8,250.00 in attorney fees and $894.55 in costs.

**BACKGROUND**

Plaintiff initiated this matter by filing a complaint on November 4, 2022. ECF No. 1. Plaintiff is a California corporation in the business of distributing and licensing sporting events. ECF No. 1 at 3-6.[1] Plaintiff's complaint alleged that it was granted exclusive rights to the

---

[1] Page number citations are to the page number generated by the court's CM/ECF system.

1

1  nationwide distribution of the Saul 'Canelo' Alvarez v. Caleb Plant Championship Fight Program
2  ("Program"), telecast on November 6, 2021.  *Id.* at ¶ 21.  Plaintiff entered into sublicensing
3  agreements with commercial entities, granting rights to exhibit the Program at their respective
4  establishments.  *Id.* at ¶ 22.  Plaintiff expended resources marketing and transmitting the Program
5  to customers.  *Id.* at ¶ 24.  Defendants are the owners, operators, licensees, permittees, or persons
6  in charge of the commercial establishment doing business as Port City Sports Bar and Grill,
7  operating at 222 N. El Dorado, Suite J, Stockton, CA 95202.  *Id.* at 3.  Plaintiff's complaint
8  alleged defendants, without authorization, intercepted, received, and published the Program on
9  November 6, 2021, in their establishment.  *Id.* at 7. Based on these allegations the complaint
10 alleged claims under 47 U.S.C. § 605 and 47 U.S.C. § 533 and state law claims for conversion
11 and violation of the California Business and Professions Code § 17200, *et seq*.  *Id.* at 6-10.

12      Proof of service of process on Defendant Everett Hunter ("Hunter") and Defendant Port
13 City Sports Bar and Grill, LLC ("Port City") was filed on December 6, 2022.  ECF Nos. 6 & 7.
14 Plaintiff voluntarily dismissed Defendant Tommy Barksdale of February 6, 2023.  ECF No. 8.
15 Hunter and Port City failed to appear and the Clerk entered default.  On April 17, 2024, Plaintiff
16 moved for default judgment.  ECF No. 23.  The undersigned recommended the entry of judgment
17 in the amount of $4,500.  ECF No. 30.  On January 27, 2025, the Court entered default judgment
18 against Defendants.  Plaintiff was directed to submit any motion for attorney fees within 14 days.
19 ECF No. 31.  Plaintiff timely submitted the motion for fees on February 10, 2025.  ECF No. 33.
20 Plaintiff seeks $19,107.50 in fees, and $2,182.61 in costs.

**LEGAL STANDARDS**

22      Plaintiff seeks an award of fees and costs under 47 U.S.C. § 605.  Under that statute, a
23 Plaintiff may recover "full costs" and "reasonable attorneys' fees."  47 U.S.C. § 605(e)(3)(B)(iii).
24 "To determine the amount of a reasonable fee, district courts typically proceed in two steps: first,
25 courts generally apply the lodestar method to determine what constitutes a reasonable attorney
26 fee; and second, the district court may then adjust the lodestar upward or downward based on a
27 variety of factors, including the degree of success obtained by the plaintiffs."  *Bravo v. City of*
28 *Santa Maria*, 810 F.3d 659, 665–66 (9th Cir. 2016).

1          "The Supreme Court has instructed that the initial estimate of a reasonable attorney's fee
2  is properly calculated by multiplying the number of hours reasonably expended on the litigation
3  times a reasonable hourly rate, an approach commonly known as the lodestar method." *Vargas v.*
4  *Howell*, 949 F.3d 1188, 1194 (9th Cir. 2020) (internal citation and quotation omitted).  "When a
5  party seeks an award of attorneys' fees, that party bears the burden of submitting evidence of the
6  hours worked and the rate paid," and showing "that the rate charged is in line with the prevailing
7  market rate of the relevant community." *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th
8  Cir. 2006).  "Where the documentation of hours is inadequate, the district court may reduce the
9  award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

                                        **ANALYSIS**

   **I.     Hours Billed and Reasonable Hourly Rate**

           In utilizing the lodestar method the Court must determine the reasonable hourly rate and
hours reasonably expended.  Plaintiff's counsel, Thomas Riley, seeks a rate of $675 per hour,
which he acknowledges is higher than the prevailing rate in this District, and much higher than a
recently approved rate of $350.  ECF No. 33 at 3.  Riley states his research attorney's billable rate
is $325/hour.  Riley states that his firm does not use billing software and instead "[b]illable hours
for legal services rendered are reconstructed by way of a thorough review of the files
themselves." ECF No. 33-1 at ¶ 7.

           As to the hourly rate, the undersigned finds the recent opinion of Judge Mendez in *G & G
Closed Circuit Events v. Hunter*, 2024 WL 1311860 (E.D. Cal. March 27, 2024), to be persuasive.
Therein, Judge Mendez observed that "other courts in this District have found an hourly rate
between $350 and $375 to be reasonable as to Mr. Riley." *Id*. at *2.  Judge Mendez awarded a
rate of $375/hour.  The undersigned finds an award of **$375/hour** to be reasonable as to Mr.
Riley.  Mr. Riley also seeks $325/hr for an unidentified research attorney.  Judge Mendez, citing
other courts from this District, found a rate of $225/hr reasonable for the research attorney in
*Hunter*.  2024 WL 1311860 at *2.  The undersigned agrees the **$225/hr** rate is reasonable as to
the research attorney.

           The Court must now determine whether the hours billed are reasonable.  As mentioned

above, counsel does not keep contemporaneous records, and has been cautioned about relying on non-contemporaneous billing records in prior cases. See for example *G & G Closed Circuit Events v. Brews & Brats*, 2023 WL 4239295, *2 (N.D. Cal. June 27, 2023) ("The Court finds reconstructed billing records inherently less reliable than contemporaneous records."); *G & G Closed Circuit Events v. Flores*, 2021 WL 2580517, *2 (S.D. Cal. 2021) (reducing lodestar amount 25% and stating "the Court considers that many entries appear unreasonable given the task at hand and the fact that Mr. Riley did not track his time contemporaneously.").

The Court notes that several of the billing entries for Mr. Riley include "filing." ECF No. 33-1 at 6-7. Clerical tasks are not compensable. *See Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) ("When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing hours."). For example, on 1/27/25, counsel billed 0.2 for "Review and Filing of the Court's Order Adopting Findings and Recommendations." *Id.* at 7. The order in question was one and a half pages. Review of the order is billable, but filing it is not, and it's unreasonable that it would take 12 minutes to review. This issue has been raised in prior cases involving Mr. Riley. *See Hunter*, 2024 WL 1311860 at *2 ("Other entries are clerical or block-billed with clerical tasks thus preventing the Court from determining how much time within each entry was spent on compensable tasks."). Here, there are numerous entries with reference to "filing" and to "service." It appears the reference to "service" is to placing a copy of the filing in the mail. These are clerical and administrative tasks. Another issue with the billing record, is a series of very minor tasks billed at 0.2 rather than the seemingly more reasonable 0.1. Another court has described Mr. Riley's entries this way: "Next, as in a previous case involving plaintiff, the Court observes the staggering number of billing entries that supposedly involved glancing at one-line docket entries by the court clerk." *G & G Closed Circuit Events v. Brews & Brats*, 2023 WL 4239295, *2 (N.D. Cal. June 27, 2023) (internal citations and quotations omitted). In that case, the court found that billing for "each glance at a one-line docket entry is excessive" and struck all such entries. *Id.* The Court finds that an overall 30% reduction in the hours billed by Mr. Riley is appropriate to account for the lack of contemporaneous billing, the block-billing entries including clerical tasks, and unreasonable billing amounts for minor tasks.

In addition, the Court finds unreasonable the following billing entries:

**1.** "6/13/2024 – Review and Filing of the Court's Minute Order re: Hearing on Motion for Default Judgment (ECF #28)" – Two *hours* were billed for this task. The Minute Order in question is four lines long and appears on the docket. The Court presumes this entry must be in error, and perhaps was intended to be a 0.2. Regardless, the Court will eliminate this entry in its entirety from a calculation of reasonable fees.

**2**. "5/21/2024 – Preparation, Review, Execution, Filing and Service of Plaintiff's Ex-Parte Applications for a Remote Appearance at the May 24, 2024 Hearing (ECF 26)" – This entry combines billable and clerical tasks. This was also a routine motion, barely more than a page in length. The Court reduces this entry from 1.0 to 0.5.

**3**. "2/10/2025 – "Filing, Review, Execution, Filing, and Service of Motion for Attorneys' Fees and Costs" – Mr. Riley billed 1.75 hours for this task. This entry appears to consist of predominately administrative and clerical tasks such as filing and service. The research attorney prepared the motion for attorneys' fees and costs in one hour, yet reviewing and filing it is being billed at 1.75. The Court will reduce this entry from 1.75 to 0.45.

The Court will thus subtract 3.8 hours from Mr. Riley's 19.4 hours, resulting in 15.6 hours, and then reduce that amount by 30%, resulting in 10.9 hours at the rate of $375/hr for an award of **$4,087.50**. The Court has also reviewed the entries for the work performed by the research attorney and generally finds them to be reasonable. The Court will approve the 18.5 hours for the research attorney at $225/hr for a total of **$4,162.50**. Thus, the total attorney fee award is $**8,250.00**.

**II.     Costs**

Plaintiff seeks an award of costs under 47 U.S.C. § 605. Under that statute, a Plaintiff may recover "full costs." 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff seeks recovery of the complaint filing fee, service fees, FedEx fees, and an investigative fee. ECF No. 33-1 at 7-8. There is some debate as to whether investigative expenses are allowed as part of the "full costs" under the statute. This Court finds persuasive the decision of Judge Thurston in *G & G Closed Circuit Events v. Velasquez*, 2022 WL 348165 (E.D. Cal. Feb. 4, 2022). Therein, Judge Thurston

acknowledges the general rule that "pre-filing investigation costs generally are not recoverable," but also that some courts have allowed investigative costs under § 605. *Id.* at *6. Judge Thurston found investigative costs were not recoverable, but that even if they were compensable "the invoice provided by Mr. Riley is insufficient to support the request, because it lacks any information regarding the qualifications of the investigation company or what services it provided, leaving the court with no means of determining if the charge is reasonable." *Id.* (internal quotation and citation omitted). Similarly here, there is no information about the qualifications of the investigator or the services provided, just a brief invoice for $750. ECF No. 33-1 at 10. The Court finds the investigative costs are not recoverable, and even if they were recoverable, are not properly documented. *See also G & G Closed Circuit Events v. Brews & Brats*, 2023 WL 4239295, *3 (N.D. Cal. June 27, 2023) (finding investigative costs not recoverable, and also finding, "that $700 in investigative costs is excessive where the investigation consisted of walking into a brewpub, counting patrons, and walking out two minutes later.").

Plaintiff has also submitted a fee request for service of process charges, and some of those appear duplicative or unreasonable. "[C]osts incurred for service of process are compensable costs under Section 605." *Velasquez*, 2022 WL 348165 at *7. However, these costs must still be properly documented and reasonable. See *Joe Hand Promotions v. Albright*, 2013 WL 4094403 (E.D. Cal. 2013) (denying service fees as costs under § 605 because they were "insufficiently documented"); *Joe Hand Promotions v. Be*, 2011 WL 5105375 (N.D. Cal. 2011) (denying service fees under § 605 where the attached invoice was $60 and amount sought was $188); *see also G & G Closed Circuit Events v. Aguilar*, 2018 WL 6445883 (S.D. Cal. Dec. 10, 2018) (approving $177 service fee as "reasonable and reimbursable"). Returns of service were filed showing that Hunter and Port City Sports Bar and Grill, LLC ("Port City") were served in November 2022. ECF No. 6 & 7. Service was also attempted on Barksdale. The fees for those service efforts were apparently invoiced in January 2023, and the total fees were $420.00. ECF No. 33-1 at 7-8. One defendant, Barksdale, was then voluntarily dismissed on February 6, 2023. ECF No. 8. In July 2023, Plaintiff informed the Court of a "potential issue with service on the

1   LLC" and requested a "brief extension to re-serve the LLC". ECF No. 12 at 2, 9.  On October 5,
2   2023, the Court granted a 35-day extension to effect service.  ECF No. 13.  That time period was
3   subsequently extended another 15-days (ECF No. 15) and a return of service was filed (ECF No.
4   16).

5         Four days prior to the dismissal of Barksdale, there was another service fee charge of
6   $170, although Barksdale was not served.  ECF No. 33-1 at 16.  Defendant Barksdale was
7   voluntarily dismissed, and the Court will disallow these additional service fees.  Additional
8   service attempts on Port City, due to the "potential issue" that was discovered, totaled over $400.
9   Those fees included a $100 "rush process service" charge (ECF No. 33-1 at 20) on October 30,
10  2023, which was 25-days after the Court had granted Plaintiff 35-days to complete service.  As
11  Plaintiff had delayed 25-days in attempting to re-serve, the rush fee was not reasonable.  The
12  Court will disallow the $100 fee.  There is also an invoice dated November 12, 2023, which is
13  described as "returned not served" on Port City and then there are three duplicative entries for
14  "service fee" each of $95.  ECF No. 33-1 at 19.  It is unclear from the description what this $285
15  charge was for, and the generic entry appears in triplicate.  The Court will disallow two of the
16  duplicative entries and deduct $190.

17        Plaintiff's request for costs also includes $78.06 in FedEx shipping fees, but those fees are
18  not documented.  Courier charges must be documented.  See *G & G Closed Circuit Events v. La*
19  *Placita Restaurant*, 2023 WL 8933585, *3 (E.D. Cal. Dec. 27, 2023) ("Plaintiff has provided no
20  documentation to support the amount sought for courier charges.  The costs for courier charges
21  will therefore not be awarded.").

22        In summary, the Court will award the costs of $402 for the filing fee and $492.55 for
23  service of process fees, for a total award of costs of $**894.55**.

## CONCLUSION

25  IT IS HEREBY RECOMMENDED that:
26  1.  Plaintiff's motion for attorney fees and costs (ECF No. 33) be GRANTED IN PART,
27      with reductions as to the amount of fees and costs sought; and
28  2.  An Order be entered awarding $8,250 in attorney fees and $894.55 in costs pursuant to

47 U.S.C. § 605(e)(3)(B)(iii).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 15, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE