UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EVERETT HUNTER, et al.,<br><br>Defendants. | No. 2:22-cv-2002-TLN-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Before the Court is Defendant Everett Hunter's motion to set aside default judgment (ECF No. 42), which was referred to the undersigned. ECF No. 43. Plaintiff filed an opposition (ECF No. 45), and Hunter did not file a reply. The Court heard oral argument on August 6, 2026, at which time Thomas Riley appeared on behalf of Plaintiff, and Everett Hunter ("Hunter") appeared *pro se*. The Court hereby recommends that the motion be denied.

## I. Procedural History and Background

Plaintiff initiated this matter by filing a complaint on November 4, 2022. ECF No. 1. Plaintiff, G&G Closed Circuit Events LLC, is a California corporation in the business of

////

////

distributing and licensing sporting events. ECF No. 1 at 3-6.[1] Plaintiff's complaint alleged that it was granted exclusive rights to the nationwide distribution of the Saul 'Canelo' Alvarez v. Caleb Plant Championship Fight Program (the "Program"), which was telecast on November 6, 2021. *Id.* at ¶ 21. Plaintiff entered into sublicensing agreements with commercial entities, granting rights to exhibit the Program at their respective establishments. *Id.* at ¶ 22. Plaintiff expended resources marketing and transmitting the Program to customers. *Id.* at ¶ 24. Defendants are the owners, operators, licensees, permittees, or persons in charge of Port City Sports Bar and Grill, operating at 222 N. El Dorado, Suite J, Stockton, CA 95202. *Id.* at 3. Plaintiff's complaint alleged defendants, without authorization, intercepted, received, and published the Program on November 6, 2021, in their establishment. *Id.* at 7. Based on these allegations, the complaint asserted claims under 47 U.S.C. § 605 and 47 U.S.C. § 533, and state law claims for conversion and violation of the California Business and Professions Code § 17200, *et seq*. *Id.* at 6-10.

Plaintiff filed proof of service of process as to Defendant Hunter and Defendant Port City Sports Bar and Grill, LLC ("Port City") on December 6, 2022. ECF Nos. 6 & 7. Plaintiff voluntarily dismissed Defendant Tommy Barksdale of February 6, 2023. ECF No. 8. On February 9, 2023, Plaintiff filed a request for entry of default as to Port City and Hunter. ECF No. 9. The Clerk entered default as to Defendant Hunter on February 9, 2023. ECF No. 10. The Clerk entered default as to Port City on December 29, 2023. ECF No. 19.

On April 17, 2024, Plaintiff moved for default judgment. ECF No. 23. The Motion for Default Judgment stated that it was served on Hunter. ECF No. 23 at 4. The matter was heard before Judge Barnes on June 13, 2024. ECF No. 28. On December 12, 2024, the undersigned issued Findings and Recommendations ("F&R") recommending that the motion be granted and judgment entered in favor of Plaintiff. ECF No. 30. No objection was filed, and judgment was entered on January 27, 2025. ECF No. 32. Thereafter, Plaintiff sought, and was awarded, attorney fees and costs. ECF No. 37. On June 12, 2026, Hunter filed the instant motion to set aside the default judgment. Plaintiff filed an opposition to the motion (ECF No. 45). Hunter did

[1] Page number citations are to the page number generated by the court's CM/ECF system.

not file a reply. At the hearing, Hunter asked for permission to file exhibits that had not been attached to his motion, which the Court granted. Thereafter, Hunter made a supplemental filing, and Plaintiff filed a reply. ECF Nos. 47 & 48.

## II. Legal Standards

Motions to set aside a default judgment may be brought pursuant to Federal Rule of Civil Procedure 60(b). *See S.E.C. v. Internet Sols. for Bus. Inc*., 509 F.3d 1161, 1164 (9th Cir. 2007) ("*Internet Solutions*"). Rule 60(b) provides that a court may relieve a party from a final judgment or order for various reasons, including under Rule 60(b)(4) that the "judgment is void." Fed. R. Civ. P. 60. A judgment is void "only if the court that considered it lacked jurisdiction … over the parties to be bound." *Id*. at 1165, citing *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999).

A defendant bringing a motion to set aside a default judgment generally bears the burden of proving he is entitled to relief. *See Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). In *Internet Solutions*, the Ninth Circuit applied this general rule to situations challenging service, and stated that it had "clarified that the defendant moving to vacate default judgment for improper service of process bears the burden to prove that he is entitled to relief[.]" 509 F.3d at 1166. The court noted the burden is "substantial" and that the prima facie showing of a return of service "can be overcome only by strong and convincing evidence[.]" *Id.*

However, the burden may be different if the defendant did not have actual notice of the lawsuit prior to entry of judgment. "A signed return of service constitutes prima facie evidence of valid service only 'where the defendant had actual notice of the original proceeding but delayed in bringing the motion until after entry of default judgment.'" *Ruggiero v. Snohomish Cnty. Pub. Transportation Benefit Area Corp*., No. 25-5978, 2026 WL 2086267, at *1 (9th Cir. July 20, 2026), *citing Internet Sols.*, 509 F.3d at 1165. In *Ruggiero*, the Ninth Circuit stated that district court had correctly held plaintiff to his burden to prove sufficient service, which aligned with the general policy of deciding cases on the merits. *Id*. at *1.

However, *Ruggiero* is an unpublished case, and other cases clearly place the burden on the movant. For example, in *Seiko Epson Corp. v. Koshkalda*, 799 F. App'x 463 (9th Cir. 2019),

defendants sought to set aside a default judgment based on an argument that service was insufficient and the court lacked jurisdiction. The Ninth Circuit stated: "Because 'a signed return of service constitutes prima facie evidence of valid service,' the burden is on the appellants to show 'by strong and convincing evidence' that service was not valid." *Id.* at 465 (citation and quotation omitted).

**III. Analysis**

Defendant Hunter moves to set aside the default judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) and contends the judgment is void because he was not properly served. ECF No. 42. Plaintiff's response offers three primary reasons that the motion should be denied: 1) the motion is untimely; 2) the motion is not properly supported; and 3) service of the complaint was proper. ECF No. 45.

**A. Timeliness**

The default judgment in this case was entered on January 27, 2025. ECF Nos. 31 & 32. Hunter's motion was filed on June 12, 2026, approximately seventeen months after the entry of judgment. Federal Rule of Civil Procedure 60(c)(1) provides that a motion made pursuant to Rule 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." In *Coney Island Auto Parts Unlimited, Inc. v. Burton Tr. For Vista-Pro Auto*, 607 U.S. 155 (2026), the Supreme Court held that a party seeking relief from an allegedly void judgment under Rule 60(b)(4) must comply with the "reasonable time" requirement of Rule 60(c)(1). In *Coney Island*, the Supreme Court addressed the same type of motion as presented here—a Rule 60(b)(4) motion alleging that service was improper and the judgment is therefore void. In *Coney Island*, the movant had knowledge of the judgment for approximately five years before filing the Rule 60 motion. *Id*. at 157. The Supreme Court affirmed the lower court's finding that the Rule 60(b)(4) motion was not made within a reasonable time.

Hunter's motion fails to address whether it was brought within a reasonable time. There is no information in the motion about when Hunter became aware of the pending action, or when Hunter learned that judgment had been entered. Hunter's post-hearing supplemental filing states

that he "first learned of the default judgment in November 2025." ECF No. 47 at 1. This means that Hunter delayed for nearly seven months after learning of the default judgment until he filed his Rule 60 motion in June 2026. Hunter states that he did not have actual notice of the lawsuit or the default judgment until November 2025. *Id.* at 2. Hunter states he then contacted Plaintiff's counsel and attempted to resolve the matter "through certified letters and telephone calls" rather than immediately filing a motion. *Id.* Plaintiff's counsel has submitted two of these letters. The first letter, dated November 18, 2025, from Hunter is entitled a "Notice of Intent to File Civil Action." ECF No. 48-1 at 4. Then Hunter followed up with an email on December 5, 2025, stating he would "proceed with all available legal remedies, including filing a civil action" if the matter was not resolved within 72 hours. *Id.* at 8. Hunter contends these attempts to resolve the matter without filing a motion demonstrate diligence on his part. Hunter also argues that a shoulder injury in December 2025, and a "torn quadriceps muscle" in April 2026 further delayed his preparation of the motion.[2] *Id.* at 3.

The Court finds the motion, brought seventeen months after entry of judgment, was not brought in a reasonable time. *See Flaherty v. Amigos Del Mar Ltd.*, No. 25-1735, 2026 WL 1970446, at *3 (1st Cir. July 8, 2026) (Rule 60(b)(4) motion brought two years after judgment was not brought within a reasonable time); *Martin v. State*, No. 23-14187, 2026 WL 482266, at *3 (11th Cir. Feb. 20, 2026) (Rule 60(b)(4) motion brought fifteen months after entry of judgment was not brought within a reasonable time); *New High Limited v. Global Merch Group*, No. 2:21-cv-09608-CAS-PVC, 2026 WL 1960891 (C.D. Cal. July 6, 2026) (sixteen months was not a reasonable time).

Further, Hunter's decision to wait seven months after learning of the default judgment to file the Rule 60 motion weighs against finding that the motion was brought within a reasonable time. In *Martin*, the Eleventh Circuit found it was unreasonable to wait six months after learning of the judgment to file a Rule 60(b)(4) motion. *See* 2026 WL 482266, at *3. Another court found that waiting four months to move to vacate a judgment that had been entered a year prior was not

[2] Hunter's filing states that "supporting documentation of these treatment dates is submitted herewith as Exhibit 8." ECF No. 47 at 3. However, there is no Exhibit 8 in the record.

reasonable. *See New Hight Limited v. Global Merch Group, LLC*, No. 2:21-cv-09608-CAS-PVC, 2026 WL 1960891 (C.D. Cal. July 6, 2026) ("the four-month delay to file a motion seeking to vacate a judgment that had been issued more than twelve months earlier" was not reasonable). Hunter's informal attempts to resolve the matter with defense counsel occurred in November and December 2025, and he waited an additional six months to file the motion. The Court finds the motion was not brought within a reasonable time.

**B. Sufficiency of the Motion**

Plaintiff's second argument is that because the return of service is prima facie evidence of proper service, Hunter must rebut that presumption with strong and convincing evidence. ECF No. 45 at 5-9. Plaintiff contends that the unsworn declaration contained in Hunter's motion (ECF No. 42 at 3) does not suffice. Plaintiff argues that Hunter's declaration does not comply with 28 U.S.C. § 1746, as there is no declaration that the contents are true and correct or made under penalty of perjury. ECF No. 45 at 5. Because Hunter's fails to include the necessary language the Court will not credit it. *See United States v. Bueno-Vargas*, 383 F.3d 1104, 1111 (9th Cir. 2004) ("We conclude that signing a statement under penalty of perjury satisfies the standard for an oath or affirmation, as it is a signal that the declarant understands the legal significance of the declarant's statements and the potential for punishment if the declarant lies."). Hunter's later-filed exhibits (ECF No. 47) also do not demonstrate strong and convincing evidence that service was improper.

Plaintiff served Hunter at 17 Embarcadero Cove, Oakland, CA 94606. ECF No. 6. Defendant seems to acknowledge this was a "business address." ECF No. 42 at 2.
As Plaintiff notes, California permits substitute service at a usual place of business on a person apparently in charge, Code Civ. Proc. § 415.20(b), and Defendant was served under this provision. Plaintiff's contention is that the service was sufficient as it was made to "a person in charge," Antonio Salas. ECF No. 6 at 3, 4. As noted in the Affidavit of Reasonable Diligence submitted in support of the Proof of Service, Plaintiff attempted to serve Hunter personally at 17 Embarcadero Cove on three occasions. *Id*. The Court finds this to be sufficient for purposes of allowing substitute service. *See Bein v. Brechtel-Jochim Group, Inc*., 6 Cal. App. 4th 1387,

1391-92 (1992) (two or three unsuccessful attempts at personal service satisfied reasonable diligence). In short, after unsuccessfully serving Hunter personally, Plaintiff effectuated service by leaving it with a person in charge at Defendant's business address.[3] *Id.*

Hunter's own filings with the State of California make it clear that 17 Embarcadero Cove was a valid business address at the time of service. "The term 'usual place of business' includes a defendant's customary place of employment as well as her own business enterprise." Code Civ. Proc. § 415.20 (Judicial Council Comment). Defendant has repeatedly listed 17 Embarcadero Address as a business address, including as his address as "member" / "manager" of Port City Sports Bar and Grill LLC, the specific business at issue in this case. Defendant also lists 17 Embarcadero Cove as a business address in other documents during the relevant period of service. *See* ECF No. 45-1 at 12 (October 25, 2022 Statement of Information for Ongo Tickets LLC, with Hunter as manager / member at 17 Embarcadero Cove); *Id.* at 9 (November 15, 2021 Statement of Information for Ongo Tickets LLC, with Hunter as CEO at 17 Embarcadero Cove); *Id.* at 15 (November 30, 2023 Statement of Information for Team Treatment LLC, with Hunter as manager / member at 17 Embarcadero Cove). There is accordingly ample evidence that Hunter used 17 Embarcadero Cove as a business address when Plaintiff served the process for this case at that address.

One of Hunter's exhibits appears to be an attempt by Hunter to show his lack of connection with 17 Embarcadero Cove. It is an email from Linda Stewart, the CEO of Magnolia Women's Recovery Programs ("MWRP"), dated August 5, 2026 that states, among other things, that MWRP is "the sole business owner operating at 17 Embarcadero Cove" and that, "[d]uring the period referenced [2022], Antonio Salas served as my Executive Assistant and was fully authorized to receive mail on behalf to receive mail on behalf of MWRP." ECF No. 47 at 14. The email goes on to states that, "Mr. Salas has never been employed as an Administrative

---

[3] The process server also informed Mr. Salas of the general nature of the papers. ECF No. 6 at 3. The process server then mailed the documents as required by Rule 415.20(b). *Id.* Such substitute service has consistently been upheld. *See Trackman v. Kenney*, 187 Cal.App. 4th 175, 182-83 (2010); *Joe Hand Promotions, Inc. v. Bernal*, No. 1:12-CV-01512-AWI, 2013 WL 1402464, at *2 (E.D. Cal. April 5, 2013).

Assistant for Port City Sports Bar and Grill and has no affiliation with Everett Hunter." *Id.* Crediting those statements as true, they do nothing to rebut the showing that Hunter used 17 Embarcadero Cove as a business address in 2022 and was therefore subject to substitute service at that address.

To summarize, the motion is appropriately denied as untimely for the reasons discussed above. However, even if the Court were to reach the merits of Hunter's argument concerning improper service, Hunter has provided insufficient evidence. Hunter's motion consisting of an unverified declaration and the later filed exhibits do not provide a basis for reconsideration of the Court's prior conclusion that service was proper.

**IV. Conclusion**

Hunter's motion to set aside the default judgment was not filed until seventeen months after the entry of judgment, and seven months after Hunter admits he learned of the entry of judgment. The Court finds that the motion was not brought within a reasonable time. Moreover, the Court finds that Hunter has not submitted strong evidence to show that service was invalid.

Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion to set aside default judgment (ECF No. 42) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 29, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE